# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMYSON HARRIS,<br><br>    Plaintiff,<br><br>vs.<br><br>TULARE COUNTY SOCIAL SERVICES, et al.,<br><br>    Defendants. | 1:18-cv-00699-LJO-BAM<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO AMEND AND DIRECTING PLAINTIFF TO FILE A SINGLE AMENDED COMPLAINT<br>(Doc. Nos. 4 and 8) |

Plaintiff Jamyson Harris, proceeding pro se and in forma pauperis, filed this civil action on December 28, 2017. (Doc. No. 1 and 2.) The action was transferred to this Court on May 23, 2018. (Doc. No. 3.)

Prior to the screening of the complaint by the Court, Plaintiff filed multiple documents in an effort to supplement or amend his initial complaint.[1] On June 1, 2018, Plaintiff filed an untitled document, which stated, in part, that in "accordance with Rule 15(a) I motion the court to leave my amended complaint." (Doc. No. 4.) The remainder of the document appears to be an amended complaint and includes both factual allegations and a request for relief. (Id.) Plaintiff then filed an untitled document on July 30, 2018, which stated that in "accordance with rule 15(a) I Motions the court to leave amend my complaint by adding my updated leave to present late claim application and relief." (Doc. No. 8.) Plaintiff subsequently filed a First Amended Complaint on November 30, 2018, which also included a request for leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15 to add newly discovered facts to his statement, along with notarized affidavits and exhibits. (Id.) Thereafter, Plaintiff lodged a Second Amended Complaint

---

[1] Plaintiff also has filed numerous documents requesting to file a late claim pursuant to the California Government Code. See Doc. Nos. 5, 8 and 10. Plaintiff's requests will be addressed by separate order.

1

on February 8, 2019, which appears to be an attempt to add a separate action to the instant case. (Doc. No. 12.)

As a general matter, Plaintiff may not amend his complaint in a piecemeal fashion by filing separate documents that are intended to be read together in a single complaint. If Plaintiff wishes to add, omit or correct information in the operative complaint, he must file an amended or supplemental complaint that is complete within itself. See E.D. Cal. Local Rule 220; Lacey v. Maricopa Cty., 693 F.3d 896, 927-28 (9th Cir. 2012). At this juncture, because the claims that Plaintiff intends to pursue in this action are unclear, the Court will permit Plaintiff an opportunity to file a **single amended complaint**. Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (holding that leave to amend should be granted if it appears at all possible that pro se plaintiff can cure the deficiencies in his complaint).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S.Ct. at 1948-49 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall file a single amended complaint;

2. Plaintiff shall clearly identify the amended complaint as "Second Amended Complaint" and refer to the case number;

3. In light of this order granting Plaintiff an opportunity to amend his complaint, Plaintiff's other pending requests to amend the complaint, including the motion to amend the complaint filed on June 1, 2018 (Doc. No. 4) and the motion to amend filed on July 20, 2018 (Doc. No. 8), are DENIED as moot; and

4. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated: **February 12, 2019** /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE