UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMYSON HARRIS,<br><br>            Plaintiff<br><br>v.<br><br>TULARE COUNTY SOCIAL SERVICES, *et al.*,<br><br>           Defendants. | Case No. 1:18-cv-00699-LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE<br><br>(Doc. No. 13)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Jamyson Harris ("Plaintiff") is proceeding pro se and in forma pauperis in this civil action. (Doc. No. 1.)

On February 12, 2019, the Court addressed Plaintiff's then-pending motion to amend and directed Plaintiff to file a single amended complaint within thirty (30) days. (Doc. No. 13.) Plaintiff was expressly warned that if he failed to comply with the Court's order, then his action would be dismissed. (*Id.* at 13.) More than thirty (30) days have passed and no amended complaint has been filed.[1]

---

[1] On March 4, 2019, Plaintiff filed a motion to dismiss this action. (Doc. No. 15.) On March 7, 2019, the document was stricken from the record because it was unsigned. (Doc. No. 16.) However, Plaintiff was informed that he could re-file the document with his original signature. (*Id.*) To date, Plaintiff has not re-filed the document or otherwise communicated with the Court.

1

## II. Discussion

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, the action has been pending since December 2017 and Plaintiff's amended complaint is overdue. The Court cannot hold this case in abeyance awaiting compliance by Plaintiff. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's February 12, 2019 order expressly warned Plaintiff that his failure to comply with the Court's order could result in dismissal of this action. (Doc. No. 13.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### III. Conclusion and Recommendations

Accordingly, it is **HEREBY RECOMMENDED** that this action be dismissed for failure to obey the Court's February 12, 2019 order and for Plaintiff's failure to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 29, 2019**       /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE